UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| BERNARD E. BULWER, M.D., individual,<br><br>Plaintiff,<br><br>v.<br><br>ECHONOUS, INC., a Delaware corporation,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR MONETARY DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Bernard E. Bulwer, M.D. ("**Dr. Bulwer**"), by and through his undersigned counsel, submits this Complaint against defendant EchoNous, Inc. ("**Defendant**"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for unjust enrichment and quantum meruit under Massachusetts law.

2. This action arises out of Defendant's failure to compensate Dr. Bulwer for the substantial and valuable expertise, services, and materials he provided to Defendant from June 2020 through October 25, 2021.

## THE PARTIES

3. Dr. Bulwer is a medical doctor who specialized in echocardiography (cardiac ultrasound) at the Brigham and Women's Hospital-Harvard Medical School in Boston, a fellow of the

American Society of Echocardiography (FASE), a prolific author, editor, and illustrator of twenty (20) echocardiography textbooks, who has received recognition by his peers and the U.S. government as a "person of extraordinary ability at the very top of his field," and is the recipient of a U.S. Green Card (EB1-A) for his pioneering educational contributions in echocardiography. Dr. Bulwer currently resides in Boston, Massachusetts.

4. Defendant is a Delaware for-profit corporation with a principal place of business at 8310 154th Ave. NE, Suite 200, Redmond, WA 98052. Defendant is a registered corporation in the Commonwealth of Massachusetts. Defendant's Massachusetts Registered Agent is CT Corporation System at 155 Federal Street, Suite 700, Boston, MA 02110.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6. This Court has personal jurisdiction over Defendant under Mass. Gen. L. Chp. 223A, Section 3 because Dr. Bulwer's claims against Defendant arise from (a) Defendant's transacting business in the Commonwealth and/or (b) Defendant's acts outside the Commonwealth causing injury to Dr. Bulwer in the Commonwealth.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

8. In or around June 2020, Defendant approached Dr. Bulwer, a Massachusetts resident, about its interest in having Dr. Bulwer provide Defendant with expertise, materials, and services it needed to complement the echocardiography-related software in its new FDA-approved point-of-care

ultrasound (POCUS) device called "**Kosmos**", launched more than a decade after other similar POCUS ultrasound devices in the marketplace.

9. More specifically, Defendant's cofounders and previous executives, including key software and clinical staff requested Dr. Bulwer's expertise to help solve echocardiography-related software issues and problems they encountered with the original Kosmos artificial intelligence (AI)-enabled heart software known as the TRIO, as well as related problems with the two-day novice-user training method Defendant employed.

10. Dr. Bulwer was tasked by Defendant's cofounders, and previous executives, including key software and clinical staff to (i) solve key design flaws identified in the original Kosmos TRIO artificial intelligence (AI) heart software, and to (ii) produce highly instructive training materials to simplify, improve, and scale a new training protocol for novice ultrasound users, specifically for registered nurses.

11. As requested by Defendant, Dr. Bulwer – primarily from Boston, MA – provided expert leadership, delivered highly illustrated digital echocardiography referenced materials for use by the Defendant, its associates and global partners, and created medical illustrations, technical drawings, and mock-up prototypes for the development of the new and improved Kosmos TRIO artificial intelligence (AI) heart software (dubbed TRIO 2.0), as well as initiated, developed, and supervised a successful novice training method (for registered nurses) which drastically reduced the training program from two (2) days down to four (4) hours.

12. The improved and enhanced "best-in-class" TRIO 2.0 artificial intelligence heart scan guide was first successfully pre-piloted (dry run) in Redmond, WA with novice users (registered nurses) using a new four-hour training method on October 2-4, 2021. The dry run was led, developed, and

supervised by Dr. Bulwer. Both the improved TRIO 2.0 and the successful novice user training protocol are key components in Defendant's pursuit of FDA approval for its Kosmos ultrasound device for such use.

13. Dr. Bulwer's provision of expertise, materials, and services during the relevant time period also provided Defendant with the foundation for expanding and scaling Kosmos' clinical, marketing, and sales strategies for echocardiography (heart) applications and services globally. This includes Defendant's partnership with US2ai, an AI software company whose software can automatically analyze heart images acquired using the Kosmos TRIO 2.0.

14. The new Kosmos TRIO 2.0 heart scan guide software, a redesign expertly led by Dr. Bulwer, solved the "ease of use" shortfalls noted by Defendant, as well as in a published report in a scientific ultrasound journal. The result and benefit of Dr. Bulwer's expertise, materials, and services to Defendant was a "best-in-class," "improved," and "enhanced" TRIO 2.0 as universally marketed by Defendant. The TRIO 2.0 has been and continues to be ubiquitously messaged in Defendant's Kosmos' marketing and sales campaigns—in conjunction with a proprietary task-based echo (TBE) education and training kit—and is central to Kosmos' market expansion and sales strategy, including its partnership with US2ai.

15. Defendant's cofounders and their former CEO consistently acknowledged the value provided by Dr. Bulwer. For example, the cofounders and former executives of Defendant designated Dr. Bulwer Defendant's "authority on the heart." Defendant also made it known that "Bernard [Dr Bulwer] is highly valued."

16. The parties both reasonably expected that Dr. Bulwer would be compensated for the expertise, materials, and services he provided to Defendant from June 2020 through October 25, 2021.

For example, in 2020, Kevin Goodwin, Defendant's co-founder and former CEO wrote to Dr. Bulwer that "Importantly, we will cut you in on the economics."

17. Simply put, Dr. Bulwer's inputs, strategic guidance, and documents helped Defendant to fundamentally differentiate itself from its competitors by focusing and building its Kosmos device as a full-fledged echocardiography instrument—capable of performing a complete, reimbursable expert echocardiography examination based on the expert American (ASE) standard, as well as greatly expanding its use by non-expert novice users. Dr. Bulwer's expertise and material inputs directly contributed to the success of Defendant's Kosmos echocardiography/cardiology sales, which became the leading sales segment for the first time in the company's history.

18. To date, Dr. Bulwer has not been sufficiently compensated for the benefit he conferred upon Defendant from June 2020 through October 25, 2021.

## COUNT I – UNJUST ENRICHMENT

19. Dr. Bulwer repeats and re-alleges each of the allegations in the paragraphs above as though they were fully set forth herein.

20. Dr. Bulwer conferred upon Defendant a benefit.

21. Defendant appreciated and/or knew of the benefit conferred upon it by Dr. Bulwer.

22. Defendant accepted and/or retained the benefit conferred upon it by Dr. Bulwer.

23. Defendant's acceptance and/or retention of the benefit would be inequitable under the circumstances without payment to Dr. Bulwer for its value.

24. As a result of Defendant's conduct, Dr. Bulwer has been damaged.

## COUNT II – QUANTUM MERUIT

25. Dr. Bulwer repeats and re-alleges each of the allegations in the paragraphs above as though they were fully set forth herein.

26. Dr. Bulwer conferred a reasonable benefit upon Defendant.

27. Defendant accepted Dr. Bulwer's expertise, materials, and services without objection and with the reasonable expectation of compensating Dr. Bulwer.

28. Dr. Bulwer provided Defendant with his expertise, materials, and services with the reasonable expectation of receiving compensation.

29. As a result of Defendant's conduct, Dr. Bulwer has been damaged.

## JURY DEMAND

30. Dr. Bulwer hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Bulwer requests judgment against Defendant as follows:

1. That Defendant be adjudged liable to Dr. Bulwer on the theories of unjust enrichment and/or quantum meruit;

2. That Dr. Bulwer be awarded restitution and/or compensation for the full value of the benefit he provided to Defendant from June 2020 through October 25, 2021;

3. That Dr. Bulwer be awarded pre-judgment interest; and

4. That Dr. Bulwer be awarded other and further relief as the Court may deem just and proper.

DATED: May 16, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Bernard E. Bulwer, M.D.,

　　　　　　　　　　　　　　　　　　　　By His Attorney,
　　　　　　　　　　　　　　　　　　　　<u>/s/ Shaun P. Keough</u>
　　　　　　　　　　　　　　　　　　　　Shaun P. Keough (Trial Counsel)
　　　　　　　　　　　　　　　　　　　　Massachusetts Bar  # 688868
　　　　　　　　　　　　　　　　　　　　KEOUGH LAW, PLLC
　　　　　　　　　　　　　　　　　　　　3505 Lake Lynda Dr., Suite 200
　　　　　　　　　　　　　　　　　　　　Orlando, FL 32817
　　　　　　　　　　　　　　　　　　　　Tel.: (321) 262-1146
　　　　　　　　　　　　　　　　　　　　E-mail: skeough@yourtrademarkdefender.com